IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA** )
)
**V.** ) **CRIMINAL NO. 07-298**
) **ELECTRONICALLY FILED**
**DAVID CUNNINGHAM** )

## <u>FINAL JURY INSTRUCTIONS</u>

**I.    GENERAL INSTRUCTIONS.**

I WILL NOW INSTRUCT YOU ON THE LAW.  AS JUDGES OF THE

FACTS, IT IS YOUR DUTY TO DETERMINE FROM THE EVIDENCE

WHAT ACTUALLY HAPPENED IN THIS CASE.  BUT IN DECIDING

WHAT THE FACTS ARE AND IN ARRIVING AT YOUR VERDICT, IT IS

YOUR SWORN DUTY TO FOLLOW THE LAW AS I NOW EXPLAIN IT.

YOU MUST BE GUIDED BY MY INSTRUCTIONS AS A WHOLE;

YOU MUST NOT DISREGARD OR GIVE SPECIAL ATTENTION TO ANY

ONE INSTRUCTION; AND YOU MAY NOT QUESTION THE WISDOM OR

CORRECTNESS OF ANY RULE OF LAW OR RULE OF EVIDENCE I

STATE TO YOU.  IN OTHER WORDS, DO NOT SUBSTITUTE YOUR

OWN NOTION OR OPINION AS TO WHAT THE LAW IS OR OUGHT TO

BE.

IF I HAVE REFERRED TO THE FACTS OR THE PARTIES'
CONTENTIONS, IT WAS ONLY TO PLACE THE EVIDENCE AND
ARGUMENTS IN PERSPECTIVE.  IF I ASKED ANY QUESTIONS OF
ANY WITNESSES OR OF THE ATTORNEYS, IT WAS TO CLARIFY
MATTERS I FELT SHOULD HAVE BEEN CLARIFIED, AND NOT IN ANY
WAY TO INDICATE THE COURT'S OPINION ABOUT THE FACTS OR
THE TESTIMONY OF THE WITNESS.  THIS COURT'S OPINION AS TO
THE FACTS AND THE PARTIES' CONTENTIONS IS NOT AT ALL
IMPORTANT.  YOU AND YOU ALONE, ARE THE SOLE FINDERS OF
THE FACTS.

WHATEVER YOUR VERDICT, IT WILL HAVE TO BE UNANIMOUS.
ALL OF YOU WILL HAVE TO AGREE ON IT OR THERE WILL BE NO
VERDICT.  IN THE JURY ROOM YOU WILL DISCUSS THE CASE
AMONG YOURSELVES, BUT ULTIMATELY EACH OF YOU WILL HAVE
TO MAKE UP HIS OR HER OWN MIND.  THIS IS A RESPONSIBILITY
THAT EACH OF YOU HAS AND THAT YOU CANNOT AVOID.

PERFORM THESE DUTIES FAIRLY AND IMPARTIALLY.  DO NOT
ALLOW SYMPATHY, PREJUDICE, FEAR, OR PUBLIC OPINION TO
INFLUENCE YOU. YOU SHOULD ALSO NOT BE INFLUENCED BY ANY

PERSON'S RACE, COLOR, RELIGION, NATIONAL ANCESTRY, GENDER,  PROFESSION, OCCUPATION, CELEBRITY, ECONOMIC CIRCUMSTANCES, OR POSITION IN LIFE OR IN THE COMMUNITY.

## II.    EVICENCE.

<u>WHAT IS EVIDENCE</u>

THE "EVIDENCE" IN THIS CASE CONSISTS OF THE TESTIMONY OF WITNESSES, THE DOCUMENTS AND OTHER THINGS RECEIVED AS EXHIBITS, ANY FACTS THAT HAVE BEEN STIPULATED TO, THAT IS, AGREED TO, BY THE PARTIES, AND ANY FACTS THAT HAVE BEEN JUDICIALLY NOTICED, THAT IS, FACTS WHICH I SAID YOU MAY ACCEPT AS TRUE EVEN WITHOUT OTHER EVIDENCE. YOU MUST MAKE YOUR DECISION IN THIS CASE BASED ONLY ON THE EVIDENCE THAT YOU SAW AND HEARD IN THE COURTROOM.  DO NOT LET RUMORS, SUSPICIONS, OR ANYTHING ELSE THAT YOU MAY HAVE SEEN OR HEARD OUTSIDE OF COURT INFLUENCE YOUR DECISION IN ANY WAY.


<u>EXHIBITS</u>

COUNSEL FOR THE GOVERNMENT AND THE DEFENDANT HAVE AGREED TO THE LEGAL ADMISSIBILITY OF VARIOUS EXHIBITS.

THIS MEANS THAT THESE EXHIBITS MEET THE
REQUIREMENTS OF THE RULES OF EVIDENCE REGARDING
ADMISSIBILITY FOR YOUR CONSIDERATION. THIS DOES NOT MEAN
THAT THE PARTIES AGREE AS TO ANY INFERENCES OR
CONCLUSIONS THAT ARE TO BE OR MAY BE DRAWN FROM ANY
EXHIBIT.

WHAT IS NOT EVIDENCE

CERTAIN THINGS ARE NOT EVIDENCE.  I SHALL LIST THOSE
THINGS AGAIN FOR YOU NOW:

1.  STATEMENTS, ARGUMENTS, QUESTIONS AND COMMENTS
BY LAWYERS REPRESENTING THE PARTIES IN THE CASE ARE NOT
EVIDENCE. YOU MUST NOT ASSUME THAT A FACT IS TRUE JUST
BECAUSE ONE OF THE LAWYERS OR I ASK A QUESTION ABOUT IT.
IT IS THE WITNESS' ANSWERS THAT ARE EVIDENCE.  OF COURSE,
YOU MAY NEED TO CONSIDER THE QUESTION TO KNOW WHAT A
WITNESS MEANS BY HIS OR HER ANSWER.  FOR EXAMPLE, IF A
WITNESS ANSWERS YES TO A QUESTION, YOU WILL HAVE TO
CONSIDER THE QUESTION TO UNDERSTAND WHAT THE WITNESS

IS SAYING.

2.  OBJECTIONS ARE NOT EVIDENCE.  LAWYERS HAVE A RIGHT TO OBJECT WHEN THEY BELIEVE SOMETHING IS IMPROPER. YOU SHOULD NOT BE INFLUENCED BY THE OBJECTION.  IF I SUSTAINED AN OBJECTION TO A QUESTION, YOU MUST IGNORE THE QUESTION AND MUST NOT TRY TO GUESS WHAT THE ANSWER MIGHT HAVE BEEN.

3.  TESTIMONY THAT I STRUCK FROM THE RECORD, OR TOLD YOU TO DISREGARD, IS NOT EVIDENCE AND MUST NOT BE CONSIDERED.

4.  ANYTHING YOU SAW OR HEARD ABOUT THIS CASE OUTSIDE THE COURTROOM IS NOT EVIDENCE. YOU ARE TO DECIDE THE CASE SOLELY ON THE EVIDENCE PRESENTED HERE IN THE COURTROOM.

5.  IN CERTAIN INSTANCES EVIDENCE MAY BE ADMITTED ONLY FOR A PARTICULAR PURPOSE AND NOT GENERALLY FOR ALL PURPOSES.

FOR THE LIMITED PURPOSE FOR WHICH THIS EVIDENCE HAS BEEN RECEIVED YOU MAY GIVE IT SUCH WEIGHT AS YOU FEEL IT

DESERVES. YOU MAY NOT, HOWEVER, USE THIS EVIDENCE FOR

ANY OTHER PURPOSE NOT SPECIFICALLY MENTIONED.

6.      REMEMBER THAT THE INDICTMENT IS ONLY A

DESCRIPTION OF THE ALLEGATIONS AND CHARGES MADE BY THE

GOVERNMENT, AND IS NOT EVIDENCE THAT DEFENDANT HAS

COMMITTED ANY CRIMES.  YOU SHOULD ALSO REMEMBER THAT

DEFENDANT HAS PLEADED NOT GUILTY TO THE CHARGES.


EVIDENCE, INFERENCES AND COMMON SENSE

WHILE YOU MAY CONSIDER ONLY THE EVIDENCE IN THE

CASE IN ARRIVING AT YOUR VERDICT, YOU ARE PERMITTED TO

DRAW SUCH REASONABLE INFERENCES FROM THE TESTIMONY

AND EXHIBITS YOU FEEL ARE JUSTIFIED IN THE LIGHT OF COMMON

EXPERIENCE.  IN OTHER WORDS, YOU MAY REACH CONCLUSIONS

WHICH REASON AND COMMON SENSE LEAD YOU TO REACH FROM

THE FACTS ESTABLISHED BY THE EVIDENCE.

DIRECT AND CIRCUMSTANTIAL EVIDENCE

IN THIS REGARD, YOU MAY CONSIDER EITHER DIRECT OR CIRCUMSTANTIAL EVIDENCE.  "DIRECT EVIDENCE" IS THE TESTIMONY OF ONE WHO ASSERTS ACTUAL KNOWLEDGE OF A FACT, SUCH AS AN EYEWITNESS.  "CIRCUMSTANTIAL EVIDENCE" IS PROOF OF A CHAIN OF FACTS AND CIRCUMSTANCES WHICH MAY INDICATE EITHER THE GUILT OR NON-GUILT OF A DEFENDANT. THE LAW MAKES NO DISTINCTION BETWEEN THE WEIGHT TO BE GIVEN TO EITHER DIRECT OR CIRCUMSTANTIAL EVIDENCE.  IT REQUIRES ONLY THAT YOU WEIGH ALL OF THE EVIDENCE AND BE CONVINCED OF A DEFENDANT'S GUILT BEYOND A REASONABLE DOUBT BEFORE YOU RETURN A VERDICT OF GUILTY AS TO ANY CHARGE.


BIAS, SYMPATHY AND PREJUDICE

YOU MAY NOT ALLOW SYMPATHY OR PERSONAL FEELINGS TO INFLUENCE YOUR DETERMINATION.  YOUR DUTY IS TO DECIDE THE CASE SOLELY ON THE BASIS OF THE EVIDENCE OR LACK OF EVIDENCE AND THE LAW AS I HAVE INSTRUCTED YOU, WITHOUT

BIAS, PREJUDICE OR SYMPATHY FOR OR AGAINST THE GOVERNMENT OR THE DEFENDANT.  BOTH THE PARTIES AND THE PUBLIC EXPECT THAT YOU WILL CAREFULLY AND IMPARTIALLY CONSIDER ALL OF THE EVIDENCE IN THE CASE, FOLLOW THE LAW AS STATED BY THE COURT, AND REACH A JUST VERDICT REGARDLESS OF THE CONSEQUENCES.

### JURORS' NOTES

YOUR NOTES ARE NOT EVIDENCE IN THE CASE AND MUST NOT TAKE PRECEDENCE OVER YOUR INDEPENDENT RECOLLECTION OF THE EVIDENCE.  NOTES ARE ONLY AN AID TO YOUR RECOLLECTION AND ARE NOT ENTITLED TO GREATER WEIGHT THAN YOUR RECOLLECTION OF WHAT THE EVIDENCE ACTUALLY IS.  YOU SHOULD NOT DISCLOSE ANY NOTES TAKEN TO ANYONE OTHER THAN A FELLOW JUROR.

YOU WERE NOT OBLIGATED TO TAKE NOTES.  IF YOU DID NOT TAKE NOTES YOU SHOULD NOT BE INFLUENCED BY THE NOTES OF ANOTHER JUROR, BUT INSTEAD SHOULD RELY UPON YOUR OWN RECOLLECTION OF THE EVIDENCE.

9

### III.   CREDIBILITY OF WITNESSES/ WEIGHT OF TESTIMONY IN GENERAL.

IN GENERAL

YOU MUST CONSIDER ALL OF THE EVIDENCE, BUT THIS DOES NOT MEAN YOU MUST ACCEPT ALL OF THE EVIDENCE AS TRUE OR ACCURATE.  YOU ARE THE SOLE JUDGES OF THE CREDIBILITY OF THE WITNESSES AND THE WEIGHT THEIR TESTIMONY DESERVES.

YOU MAY BE GUIDED BY THE APPEARANCE AND CONDUCT OF THE WITNESS, BY THE MANNER IN WHICH THE WITNESS TESTIFIES, BY THE CHARACTER OF THE TESTIMONY GIVEN AND BY EVIDENCE OR TESTIMONY TO THE CONTRARY.

YOU SHOULD CAREFULLY SCRUTINIZE ALL THE TESTIMONY GIVEN, THE CIRCUMSTANCES UNDER WHICH EACH WITNESS HAS TESTIFIED, AND EVERY MATTER IN EVIDENCE WHICH TENDS TO SHOW WHETHER A WITNESS IS WORTHY OF BELIEF.  CONSIDER EACH WITNESS'S INTELLIGENCE, MOTIVE, STATE OF MIND, AND DEMEANOR OR MANNER WHILE ON THE STAND.  CONSIDER THE WITNESS'S ABILITY TO HAVE OBSERVED THE MATTERS AS TO WHICH HE OR SHE HAS TESTIFIED, AND WHETHER HE OR SHE

IMPRESSES YOU AS HAVING AN ACCURATE RECOLLECTION OF

THESE MATTERS. CONSIDER ANY BUSINESS, PERSONAL OR

OTHER RELATIONSHIP A WITNESS MIGHT HAVE WITH EITHER SIDE

OF THE CASE; THE MANNER IN WHICH EACH WITNESS MIGHT BE

AFFECTED BY THE VERDICT; AND THE EXTENT TO WHICH, IF AT

ALL, EACH WITNESS IS EITHER SUPPORTED OR CONTRADICTED BY

OTHER EVIDENCE IN THE CASE.


INCONSISTENCIES OR DISCREPANCIES

CONSIDER INCONSISTENCIES OR DISCREPANCIES IN THE

TESTIMONY OF A WITNESS OR BETWEEN DIFFERENT WITNESSES,

WHICH MAY OR MAY NOT CAUSE YOU TO DISCREDIT SUCH

TESTIMONY.  TWO OR MORE PERSONS WITNESSING AN INCIDENT

OR A TRANSACTION MAY SEE OR HEAR IT DIFFERENTLY, AND

INNOCENT MIS-RECOLLECTION, LIKE FAILURE OF RECOLLECTION,

IS NOT AN UNCOMMON EXPERIENCE.  IN WEIGHING THE EFFECT

OF A DISCREPANCY, ALWAYS CONSIDER WHETHER IT PERTAINS

TO A MATTER OF IMPORTANCE OR AN UNIMPORTANT DETAIL, AND

WHETHER THE DISCREPANCY RESULTS FROM INNOCENT ERROR

OR INTENTIONAL FALSEHOOD.

AFTER MAKING YOUR OWN JUDGMENT, YOU WILL GIVE THE

TESTIMONY OF EACH WITNESS SUCH WEIGHT, IF ANY, AS YOU MAY

THINK IT DESERVES.  YOU MAY, IN SHORT, ACCEPT OR REJECT

THE TESTIMONY OF ANY WITNESS IN WHOLE OR IN PART.


FALSE IN ONE, FALSE IN ALL

I CHARGE YOU THAT IF YOU FIND THAT A WITNESS HAS LIED

TO YOU IN ANY MATERIAL PORTION OF HIS OR HER TESTIMONY,

YOU MAY DISREGARD THAT WITNESS'S TESTIMONY IN ITS

ENTIRETY.  I SAY THAT YOU MAY DISREGARD THAT TESTIMONY IF

YOU FIND THE WITNESS WAS UNTRUTHFUL IN A MATERIAL

PORTION OF HIS OR HER TESTIMONY, NOT THAT YOU MUST.  YOU

MUST BE CAREFUL, THOUGH, THAT THE UNTRUE PART OF THE

TESTIMONY WAS NOT THE RESULT OF A MISTAKE OR

INADVERTENCE, BUT WAS, RATHER, WILLFUL AND STATED WITH A

DESIGN OR INTENT TO DECEIVE.

NUMBER OF WITNESSES NOT IMPORTANT

THE WEIGHT OF THE EVIDENCE IS NOT DETERMINED BY THE NUMBER OF WITNESSES TESTIFYING TO THE EXISTENCE OR NON-EXISTENCE OF ANY FACT. YOU MAY FIND THAT THE TESTIMONY OF A SMALL NUMBER OF WITNESSES AS TO ANY FACT IS MORE CREDIBLE THAN THAT OF A LARGER NUMBER OF WITNESSES TO THE CONTRARY.

STIPULATED FACTS

THE PARTIES HAVE STIPULATED, OR AGREED TO CERTAIN FACTS AS BEING TRUE AND THOSE STIPULATIONS HAVE BEEN PLACED ON THE RECORD IN THIS TRIAL.  YOU MUST TREAT ANY STIPULATIONS OF FACT AS TRUE FOR PURPOSES OF THIS TRIAL.

POLICE OFFICERS AS WITNESSES

YOU HAVE HEARD THE TESTIMONY OF LAW ENFORCEMENT OFFICERS.  THE FACT THAT A WITNESS IS EMPLOYED AS A LAW ENFORCEMENT OFFICER DOES NOT MEAN THAT HIS OR HER TESTIMONY NECESSARILY DESERVES MORE OR LESS

CONSIDERATION OR GREATER OR LESSER WEIGHT THAN THAT OF ANY OTHER WITNESS.

AT THE SAME TIME, IT IS QUITE LEGITIMATE FOR DEFENSE COUNSEL TO TRY TO ATTACK THE BELIEVABILITY OF A LAW ENFORCEMENT WITNESS ON THE GROUND THAT HIS OR HER TESTIMONY MAY BE COLORED BY A PERSONAL OR PROFESSIONAL INTEREST IN THE OUTCOME OF THE CASE.

YOU MUST DECIDE, AFTER REVIEWING ALL THE EVIDENCE, WHETHER YOU BELIEVE THE TESTIMONY OF THE LAW ENFORCEMENT WITNESS AND HOW MUCH WEIGHT, IF ANY, IT DESERVES.

<u>DEFENSE WITNESSES</u>

THE LAW NEVER IMPOSES UPON A DEFENDANT IN A CRIMINAL CASE THE BURDEN OR DUTY OF CALLING ANY WITNESSES OR PRODUCING ANY EVIDENCE, AND NO ADVERSE INFERENCES MAY BE DRAWN FROM HIS FAILURE TO DO SO.

OPINION EVIDENCE - THE EXPERT WITNESS

THE RULES OF EVIDENCE ORDINARILY DO NOT PERMIT
WITNESSES TO STATE THEIR OWN OPINIONS ABOUT IMPORTANT
QUESTIONS IN TRIAL, BUT THERE ARE EXCEPTIONS TO THESE
RULES.

IN THIS CASE, YOU HEARD TESTIMONY FROM ROBERT
ERDELY, D. SCOTT LUCAS [AND MARK GANLEY].  BECAUSE OF
THEIR KNOWLEDGE, SKILL, EXPERIENCE, TRAINING OR
EDUCATION IN THE FIELD OF COMPUTER FORENSICS, THEY WERE
PERMITTED TO OFFER OPINIONS IN THAT FIELD AND THEIR
REASONS FOR THEIR OPINIONS.

THE OPINIONS THESE WITNESSES STATED SHOULD RECEIVE
WHATEVER WEIGHT YOU THINK APPROPRIATE, GIVEN ALL THE
OTHER EVIDENCE IN THIS CASE.  IN WEIGHING THIS OPINION
TESTIMONY, YOU MAY CONSIDER THE WITNESSES'
QUALIFICATIONS, THE REASONS FOR THE WITNESSES' OPINIONS,
AND THE RELIABILITY OF THE INFORMATION SUPPORTING THE
WITNESSES' OPINIONS, AS WELL AS OTHER FACTORS DISCUSSED
IN THESE INSTRUCTIONS FOR WEIGHING THE TESTIMONY OF

WITNESSES.  YOU MAY DISREGARD THE OPINIONS ENTIRELY IF

YOU DECIDE THAT THEIR OPINIONS ARE NOT BASED ON

SUFFICIENT KNOWLEDGE, SKILL, EXPERIENCE, TRAINING OR

EDUCATION.  YOU MAY ALSO DISREGARD THE OPINIONS IF YOU

CONCLUDE THAT THE REASONS IN SUPPORT OF THE OPINIONS

ARE NOT SOUND, OR IF YOU CONCLUDE THAT THE OPINIONS ARE

NOT SUPPORTED BY THE FACTS SHOWN BY THE EVIDENCE, OR IF

YOU THINK THAT THE OPINIONS ARE OUTWEIGHED BY OTHER

EVIDENCE.

YOU – THE JURY – ARE THE SOLE JUDGES OF THE FACTS OF

THIS CASE.

## IV.    BURDEN OF PROOF; PRESUMPTION OF INNOCENCE; REASONABLE DOUBT

MR. CUNNINGHAM HAS PLEADED NOT GUILTY TO THE OFFENSES CHARGED. DEFENDANT IS NOT, OF COURSE, ON TRIAL FOR ANY ACT OR CRIME NOT CONTAINED IN THE INDICTMENT.  THE LAW PERMITS ONLY LEGAL EVIDENCE PRESENTED TO THE JURY IN OPEN COURT TO BE CONSIDERED IN SUPPORT OF ANY CHARGES AGAINST A DEFENDANT.  THE PRESUMPTION OF INNOCENCE ALONE, THEREFORE, IS SUFFICIENT TO ACQUIT THE DEFENDANT.

DEFENDANT IS PRESUMED TO BE INNOCENT.  HE STARTS THE TRIAL WITH A CLEAN SLATE, WITH NO EVIDENCE AGAINST HIM. THE PRESUMPTION OF INNOCENCE STAYS WITH MR. CUNNINGHAM UNLESS AND UNTIL THE GOVERNMENT PRESENTS EVIDENCE THAT OVERCOMES THAT PRESUMPTION BY CONVINCING YOU THAT HE IS GUILTY OF THE OFFENSES CHARGED BEYOND A REASONABLE DOUBT.  THE PRESUMPTION OF INNOCENCE REQUIRES THAT YOU FIND DEFENDANT NOT GUILTY, UNLESS YOU ARE SATISFIED THAT THE GOVERNMENT HAS PROVED GUILT BEYOND A REASONABLE DOUBT AS TO EVERY ELEMENT OF THE OFFENSE.

17

THE PRESUMPTION OF INNOCENCE MEANS THAT THE
DEFENDANT HAS NO BURDEN OR OBLIGATION TO PRESENT ANY
EVIDENCE AT ALL OR TO PROVE THAT HE IS NOT GUILTY.  THE
BURDEN IS ALWAYS ON THE PROSECUTION TO PROVE A
DEFENDANT'S GUILT BEYOND A REASONABLE DOUBT.  THIS
BURDEN NEVER SHIFTS TO A DEFENDANT FOR THE LAW NEVER
IMPOSES UPON A DEFENDANT IN A CRIMINAL CASE THE BURDEN
OR DUTY OF CALLING ANY WITNESSES OR PRODUCING ANY
EVIDENCE.  THE DEFENDANT IS NOT EVEN OBLIGATED TO
PRODUCE ANY EVIDENCE BY CROSS-EXAMINING THE WITNESSES
FOR THE GOVERNMENT.

IT IS NOT REQUIRED THAT THE GOVERNMENT PROVE GUILT
BEYOND ALL POSSIBLE DOUBT.  THE TEST IS ONE OF REASONABLE
DOUBT. THE BURDEN OR OBLIGATION OF PROOF IS ON THE
GOVERNMENT TO PROVE THAT HE IS GUILTY, AND THIS BURDEN
STAYS WITH THE GOVERNMENT THROUGHOUT THE TRIAL. THUS,
IN ORDER FOR YOU TO FIND MR. CUNNINGHAM GUILTY OF ANY OF
THE OFFENSES CHARGED, THE GOVERNMENT MUST PROVE EACH
AND EVERY ELEMENT OF THE OFFENSES CHARGED BEYOND A

REASONABLE DOUBT.  A DEFENDANT MAY NOT BE CONVICTED

BASED ON SUSPICION OR CONJECTURE, BUT ONLY ON EVIDENCE

PROVING GUILT BEYOND A REASONABLE DOUBT. SO IF THE JURY

VIEWS THE EVIDENCE IN THE CASE AS REASONABLY PERMITTING

EITHER OF TWO CONCLUSIONS, ONE OF INNOCENCE, THE OTHER

OF GUILT, THE JURY SHOULD, OF COURSE, ADOPT THE

CONCLUSION OF INNOCENCE.

PROOF BEYOND A REASONABLE DOUBT DOES NOT MEAN

PROOF BEYOND ALL POSSIBLE DOUBT OR TO A MATHEMATICAL

CERTAINTY.  POSSIBLE DOUBTS OR DOUBTS BASED ON

CONJECTURE OR SPECULATION ARE NOT REASONABLE DOUBTS.

A REASONABLE DOUBT IS A FAIR DOUBT BASED ON REASON,

LOGIC, COMMON SENSE, OR EXPERIENCE.  A REASONABLE DOUBT

MEANS A DOUBT THAT WOULD CAUSE AN ORDINARY REASONABLE

PERSON TO HESITATE TO ACT IN MATTERS OF IMPORTANCE IN HIS

OR HER OWN LIFE.  IT MAY ARISE FROM THE EVIDENCE, OR FROM

THE LACK OF EVIDENCE, OR FROM THE NATURE OF THE

EVIDENCE.

REASONABLE DOUBT MAY ARISE ALSO FROM A LACK OF EVIDENCE OR PROOF. IF YOU FIND THAT THE GOVERNMENT HAS FAILED TO PRODUCE EVIDENCE SUFFICIENT TO SATISFY YOU OF THE GUILT OF THE DEFENDANT BEYOND A REASONABLE DOUBT, THEN HE IS ENTITLED TO AN ACQUITTAL, OR A VERDICT OF "NOT GUILTY."  BUT IF, AFTER CONSIDERING ALL OF THE EVIDENCE AND GIVING THE ACCUSED THE BENEFIT OF A REASONABLE DOUBT, BOTH AS TO THE EVIDENCE PRESENTED OR THE LACK OF EVIDENCE, YOU ARE LED TO THE CONCLUSION THAT HE IS GUILTY, YOU SHOULD SO DECLARE BY YOUR VERDICT.

IF, HAVING NOW HEARD ALL THE EVIDENCE, YOU ARE CONVINCED THAT THE GOVERNMENT PROVED EACH AND EVERY ELEMENT OF THE OFFENSE CHARGED BEYOND A REASONABLE DOUBT, YOU SHOULD RETURN A VERDICT OF GUILTY FOR THAT OFFENSE.  HOWEVER, IF YOU HAVE A REASONABLE DOUBT ABOUT ONE OR MORE OF THE ELEMENTS OF THE OFFENSE CHARGED, THEN YOU MUST RETURN A VERDICT OF NOT GUILTY OF THAT OFFENSE.

### V.    OFFENSES CHARGED IN  INDICTMENT

INDICTMENTS GENERALLY

THE CHARGE AGAINST MR. CUNNINGHAM IS CONTAINED IN THE INDICTMENT.  AN INDICTMENT, OR IN THIS CASE, A SUPERSEDING INDICTMENT, IS JUST THE FORMAL WAY OF SPECIFYING THE EXACT CRIMES THE DEFENDANT IS ACCUSED OF COMMITTING, AND IS SIMPLY A DESCRIPTION OF THE CHARGES MADE AGAINST A DEFENDANT.  IT IS AN ACCUSATION ONLY.  AN INDICTMENT AND A SUPERSEDING INDICTMENT IS NOT EVIDENCE OF ANYTHING, AND YOU SHOULD NOT GIVE ANY WEIGHT TO THE FACT THAT MR. CUNNINGHAM HAS BEEN INDICTED IN MAKING YOUR DECISION IN THIS CASE.


DEFINITION – KNOWINGLY

THE OFFENSES OF RECEIVING, POSSESSING, AND DISTRIBUTING CHILD PORNOGRAPHY CHARGED IN THE SUPERSEDING INDICTMENT REQUIRE THAT THE GOVERNMENT PROVE THAT MR. CUNNINGHAM ACTED "KNOWINGLY" WITH RESPECT TO THE FIRST ELEMENT OF EACH THE OFFENSES.  THIS

21

MEANS THAT THE GOVERNMENT MUST PROVE BEYOND A

REASONABLE DOUBT THAT MR. CUNNINGHAM WAS CONSCIOUS

AND AWARE OF THE NATURE OF HIS ACTIONS AND OF THE

SURROUNDING FACTS AND CIRCUMSTANCES, AS SPECIFIED IN

THE DEFINITION OF THE OFFENSES CHARGED.

IN DECIDING WHETHER MR. CUNNINGHAM ACTED

"KNOWINGLY", YOU MAY CONSIDER EVIDENCE ABOUT WHAT MR.

CUNNINGHAM SAID, WHAT HE DID AND FAILED TO DO, HOW HE

ACTED, AND ALL THE OTHER FACTS AND CIRCUMSTANCES SHOWN

BY THE EVIDENCE THAT MAY PROVE WHAT WAS IN MR.

CUNNINGHAM'S MIND AT THAT TIME.

THE GOVERNMENT IS NOT REQUIRED TO PROVE THAT MR.

CUNNINGHAM KNEW HIS ACTS WERE AGAINST THE LAW.


DEFINITION – SEXUALLY EXPLICIT CONDUCT

THE FOLLOWING DEFINITIONS APPLY TO COUNTS ONE, TWO

AND THREE OF THE SUPERSEDING INDICTMENT.

"SEXUALLY EXPLICIT CONDUCT" MEANS ACTUAL OR

SIMULATED -- (I) SEXUAL INTERCOURSE, INCLUDING

GENITAL-GENITAL, ORAL-GENITAL, ANAL-GENITAL, OR ORAL-ANAL,

WHETHER BETWEEN PERSONS OF THE SAME OR OPPOSITE SEX;

(II) BESTIALITY; (III) MASTURBATION; (IV) SADISTIC OR

MASOCHISTIC ABUSE; OR (V) LASCIVIOUS EXHIBITION OF THE

GENITALS OR PUBIC AREA OF ANY PERSON.  REGARDING THE

LAST TYPE OF SEXUALLY EXPLICIT CONDUCT — "LASCIVIOUS

EXHIBITION OF THE GENITALS OR PUBIC AREA" — NOT EVERY

EXPOSURE OF THE GENITALS OR PUBIC AREA CONSTITUTES A

LASCIVIOUS EXHIBITION.  IN DETERMINING WHETHER A VISUAL

DEPICTION CONSTITUTES A LASCIVIOUS EXHIBITION, YOU SHOULD

CONSIDER THE CONTEXT AND SETTING IN WHICH THE GENITALIA

OR PUBIC AREA IS BEING DISPLAYED.  YOU MAY CONSIDER THE

OVERALL CONTENT OF THE MATERIAL.  YOU MAY ALSO CONSIDER

SUCH FACTORS AS WHETHER THE FOCAL POINT OF THE VISUAL

DEPICTION IS ON THE MINOR'S GENITALIA OR PUBIC AREA, OR

WHETHER THERE IS SOME OTHER FOCAL POINT.  YOU MAY

CONSIDER WHETHER THE SETTING OF THE DEPICTION IS SUCH AS

TO MAKE IT APPEAR TO BE SEXUALLY INVITING OR SUGGESTIVE;

FOR EXAMPLE, IN A LOCATION OR IN A POSE ASSOCIATED WITH

SEXUAL ACTIVITY. IN ADDITION, YOU MAY CONSIDER WHETHER THE MINOR APPEARS TO BE DISPLAYED IN AN UNNATURAL POSE OR IN INAPPROPRIATE ATTIRE.  YOU MAY ALSO CONSIDER WHETHER THE MINOR IS PARTIALLY CLOTHED OR NUDE.  YOU MAY CONSIDER WHETHER THE DEPICTION APPEARS TO CONVEY SEXUAL COYNESS OR AN APPARENT WILLINGNESS TO ENGAGE IN SEXUAL ACTIVITY, AND WHETHER THE DEPICTION APPEARS TO HAVE BEEN DESIGNED TO ELICIT A SEXUAL RESPONSE IN THE VIEWER.  OF COURSE, A VISUAL DEPICTION NEED NOT INVOLVE ALL OF THESE FACTORS TO BE A LASCIVIOUS EXHIBITION AND MAY INVOLVE FACTORS THAT I HAVE NOT MENTIONED, BUT A LASCIVIOUS EXHIBITION MUST INVOLVE MORE THAN ONE OF THE FACTORS I HAVE MENTIONED TO BE CONSIDERED A LASCIVIOUS EXHIBITION OF THE GENITALS OR PUBIC AREA.

DEFINITION – VISUAL DEPICTION

A "VISUAL DEPICTION " INCLUDES DATA STORED ON COMPUTER DISK OR BY ELECTRONIC MEANS WHICH IS CAPABLE OF CONVERSION INTO A VISUAL IMAGE.

24

## DEFINITION – TRANSPORTED IN INTERSTATE OR FOREIGN COMMERCE

"TRANSPORTED IN INTERSTATE OR FOREIGN COMMERCE" MEANS THE MOVEMENT OF AN ITEM FROM ONE STATE TO ANOTHER STATE OR FROM A FOREIGN COUNTRY TO A STATE.  IN LIGHT OF THE NATURE OF THE INTERNET, THE TRANSMISSION OF AN ITEM VIA THE INTERNET QUALIFIES AS THE TRANSPORTATION OF THE ITEM IN INTERSTATE COMMERCE EVEN IF THE SENDER AND THE RECIPIENT OF THE ITEM ARE IN THE SAME STATE.

## DEFINITION – MINOR

A "MINOR" IS ANY REAL PERSON UNDER THE AGE OF 18 YEARS.  EXPERT TESTIMONY OR THE TESTIMONY OF SOMEONE WITH FIRST-HAND KNOWLEDGE OF A PERSON APPEARING IN A VISUAL DEPICTION IS NOT REQUIRED FOR YOU TO CONCLUDE THAT THE PERSON IN A VISUAL DEPICTION IS REAL AND UNDER THE AGE OF 18.  YOU MAY CONCLUDE THAT A PERSON APPEARING IN A VISUAL DEPICTION IS REAL AND UNDER THE AGE OF 18 BASED UPON YOUR REVIEW OF THE VISUAL DEPICTION IN LIGHT OF THE KNOWLEDGE YOU HAVE GAINED AND THE OBSERVATIONS YOU

25

HAVE MADE IN YOUR LIFETIME.

## **COUNT ONE OF THE SUPERSEDING INDICTMENT**

COUNT ONE OF THE SUPERSEDING INDICTMENT STATES THAT IN AND AROUND JUNE 2007, TO ON OR ABOUT JULY 17, 2007, IN THE WESTERN DISTRICT OF PENNSYLVANIA, THE DEFENDANT, DAVID CUNNINGHAM, DID KNOWINGLY RECEIVE VISUAL DEPICTIONS OF A MINOR, THAT HAD BEEN SHIPPED AND TRANSPORTED IN INTERSTATE OR FOREIGN COMMERCE, SPECIFICALLY, BY COMPUTER, THE PRODUCTION OF WHICH INVOLVED THE USE OF A MINOR ENGAGING IN SEXUALLY EXPLICIT CONDUCT, AND THAT DEPICT A MINOR ENGAGING IN SEXUALLY EXPLICIT CONDUCT, AS THOSE TERMS ARE DEFINED IN TITLE 18, UNITED STATES CODE, SECTION 2256.

IN VIOLATION OF TITLE 18, UNITED STATES CODE, SECTION 2252(A)(2).

COUNT ONE – ELEMENTS

COUNT ONE OF THE SUPERSEDING INDICTMENT HAS THREE ELEMENTS:

FIRST, THAT THE DEFENDANT KNOWINGLY RECEIVED A VISUAL DEPICTION OF A MINOR IN INTERSTATE OR FOREIGN COMMERCE;

SECOND, THAT THE PRODUCTION OF SUCH VISUAL DEPICTION INVOLVED THE USE OF A MINOR ENGAGING IN SEXUALLY EXPLICIT CONDUCT;

THIRD, THAT SUCH VISUAL DEPICTION IS OF A MINOR ENGAGED IN SEXUALLY EXPLICIT CONDUCT;

ALTHOUGH YOU MAY HAVE HEARD EVIDENCE REGARDING MULTIPLE IMAGES OF CHILD PORNOGRAPHY, TO FIND THE DEFENDANT GUILTY OF RECEIVING CHILD PORNOGRAPHY, YOU MUST FIND BEYOND A REASONABLE DOUBT THAT THE DEFENDANT RECEIVED AT LEAST ONE SINGLE IMAGE OF CHILD PORNOGRAPHY. FURTHER, YOU MUST UNANIMOUSLY AGREE AS TO WHICH VISUAL IMAGE, OR IMAGES, HE RECEIVED.

"KNOWINGLY", "VISUAL DEPICTION", "INTERSTATE OR

FOREIGN COMMERCE", "MINOR" AND "SEXUALLY EXPLICIT

CONDUCT" HAVE THE SAME MEANINGS AS PREVIOUSLY GIVEN.


### COUNT TWO OF THE SUPERSEDING INDICTMENT

COUNT TWO OF THE SUPERSEDING INDICTMENT STATES

THAT ON OR ABOUT JULY 19, 2007, IN THE WESTERN DISTRICT OF

PENNSYLVANIA, THE DEFENDANT, DAVID CUNNINGHAM, DID

KNOWINGLY POSSESS VISUAL DEPICTIONS, NAMELY VIDEOS AND

IMAGES IN COMPUTER GRAPHICS FILES, THE PRODUCTION OF

WHICH INVOLVED THE USE OF MINORS ENGAGING IN SEXUALLY

EXPLICIT CONDUCT, AS THOSE TERMS ARE DEFINED IN TITLE 18,

UNITED STATES CODE, SECTION 2256, AND THAT DEPICTED

MINORS ENGAGING IN SEXUALLY EXPLICIT CONDUCT, ALL OF

WHICH HAD BEEN SHIPPED AND TRANSPORTED IN INTERSTATE

AND FOREIGN COMMERCE, INCLUDING BY MEANS OF A COMPUTER,

AND THAT WERE PRODUCED USING MATERIALS THAT HAD BEEN SO

SHIPPED AND TRANSPORTED.

IN VIOLATION OF TITLE 18, UNITED STATES CODE, SECTION

2252(A)(4)(B).

COUNT TWO – ELEMENTS

COUNT TWO OF THE SUPERSEDING INDICTMENT HAS THREE
ELEMENTS.

FIRST, THAT THE DEFENDANT KNOWINGLY POSSESSED ONE
OR MORE ITEMS WHICH CONTAINED A VISUAL DEPICTION OF A
MINOR ENGAGING IN SEXUALLY EXPLICIT CONDUCT.

SECOND, THAT THE ITEM WHICH CONTAINED THE VISUAL
DEPICTION HAD BEEN MAILED, TRANSPORTED OR SHIPPED IN
INTERSTATE COMMERCE, OR HAD BEEN PRODUCED USING
MATERIALS WHICH HAD BEEN MAILED OR TRANSPORTED IN
INTERSTATE COMMERCE.

THIRD, THAT THE PRODUCTION OF THE VISUAL DEPICTION
INVOLVED THE USE OF A MINOR ENGAGED IN SEXUALLY EXPLICIT
CONDUCT.

ALTHOUGH YOU MAY HAVE HEARD EVIDENCE REGARDING
MULTIPLE IMAGES OF CHILD PORNOGRAPHY, TO FIND THE
DEFENDANT GUILTY OF POSSESSING CHILD PORNOGRAPHY, YOU
MUST FIND BEYOND A REASONABLE DOUBT THAT THE DEFENDANT
POSSESSED AT LEAST ONE SINGLE IMAGE OF CHILD

PORNOGRAPHY.  FURTHER, YOU MUST UNANIMOUSLY AGREE AS TO WHICH VISUAL IMAGE, OR IMAGES, HE RECEIVED.

"KNOWINGLY", "VISUAL DEPICTION", "INTERSTATE OR FOREIGN COMMERCE", "MINOR" AND "SEXUALLY EXPLICIT CONDUCT" HAVE THE SAME MEANINGS AS PREVIOUSLY GIVEN.

### COUNT THREE OF THE SUPERSEDING INDICTMENT

COUNT THREE OF THE SUPERSEDING INDICTMENT STATES THAT ON OR ABOUT JUNE 19, 2007, IN THE WESTERN DISTRICT OF PENNSYLVANIA, THE DEFENDANT AND ELSEWHERE, DAVID CUNNINGHAM, DID KNOWINGLY DISTRIBUTE VISUAL DEPICTIONS OF A MINOR, THAT HAD BEEN SHIPPED AND TRANSPORTED IN INTERSTATE OR FOREIGN COMMERCE, SPECIFICALLY, BY COMPUTER, THE PRODUCTION OF WHICH INVOLVED THE USE OF A MINOR ENGAGING IN SEXUALLY EXPLICIT CONDUCT, AND THAT DEPICT A MINOR ENGAGING IN SEXUALLY EXPLICIT CONDUCT, AS THOSE TERMS ARE DEFINED IN TITLE 18, UNITED STATES CODE, SECTION 2256.

IN VIOLATION OF TITLE 18, UNITED STATES CODE, SECTION

31

2252(A)(2).

COUNT THREE – ELEMENTS

COUNT THREE OF THE SUPERSEDING INDICTMENT HAS THREE ELEMENTS.

FIRST, THAT THE DEFENDANT KNOWINGLY DISTRIBUTED A VISUAL DEPICTION OF A MINOR IN INTERSTATE OR FOREIGN COMMERCE.

SECOND, THAT THE PRODUCTION OF SUCH VISUAL DEPICTION INVOLVED THE USE OF A MINOR ENGAGING IN SEXUALLY EXPLICIT CONDUCT.

THIRD, THAT THE VISUAL DEPICTION IS OF SUCH CONDUCT.

ALTHOUGH YOU MAY HAVE HEARD EVIDENCE REGARDING MULTIPLE IMAGES OF CHILD PORNOGRAPHY, TO FIND THE DEFENDANT GUILTY OF DISTRIBUTING CHILD PORNOGRAPHY, YOU MUST FIND BEYOND A REASONABLE DOUBT THAT THE DEFENDANT DISTRIBUTED AT LEAST ONE SINGLE IMAGE OF CHILD PORNOGRAPHY. FURTHER, YOU MUST UNANIMOUSLY AGREE AS TO WHICH VISUAL IMAGE, OR IMAGES, HE RECEIVED.

"KNOWINGLY", "VISUAL DEPICTION", "INTERSTATE OR FOREIGN COMMERCE","MINOR" AND "SEXUALLY EXPLICIT CONDUCT" HAVE THE SAME MEANINGS AS PREVIOUSLY GIVEN.

LIMITING INSTRUCTION - IMAGES

YOU HAVE BEEN SHOWN CERTAIN IMAGES THAT HAVE BEEN ADMITTED INTO EVIDENCE. THESE IMAGES WERE SHOWN ONLY TO ASSIST YOU IN DETERMINING WHETHER THE GOVERNMENT HAS MET ITS BURDEN TO PROVE THE DEFENDANT GUILTY OF EACH OF THE ELEMENTS OF THE CHARGES AGAINST HIM. YOU SHOULD NOT ALLOW ANY FEELINGS THAT YOU MAY HAVE REGARDING THESE IMAGES TO AFFECT THIS DETERMINATION IN ANY MANNER. YOU SHOULD CONSIDER THESE IMAGES IN THE SAME UNBIASED, IMPARTIAL WAY AS YOU WOULD ANY OTHER PIECE OF EVIDENCE OFFERED BY EITHER SIDE IN THE CASE.

DEFENDANT'S PRIOR BAD ACTS OR CRIMES - EVIDENCE ADMITTED FOR A LIMITED PURPOSE

YOU HAVE HEARD TESTIMONY THAT THE DEFENDANT WAS PREVIOUSLY CONVICTED OF INDECENT EXPOSURE WHERE HE

KNEW OR SHOULD HAVE KNOWN THAT AT LEAST ONE PERSON

PRESENT WAS UNDER 16 YEARS OF AGE.

THIS EVIDENCE WAS ADMITTED ONLY FOR LIMITED

PURPOSES. YOU MAY CONSIDER THIS EVIDENCE ONLY FOR THE

PURPOSE OF DECIDING WHETHER THE DEFENDANT HAD THE

STATE OF MIND, IDENTITY, INTENT, KNOWLEDGE, AND ABSENCE OF

MISTAKE OR ACCIDENT NECESSARY TO COMMIT THE CRIMES

CHARGED IN THE INDICTMENT.

DO NOT CONSIDER THIS EVIDENCE FOR ANY OTHER

PURPOSE.


<u>ON OR ABOUT</u>

YOU WILL NOTE THAT THE SUPERSEDING INDICTMENT

CHARGES THAT THE OFFENSES WERE COMMITTED "IN OR

AROUND" OR "ON OR ABOUT" CERTAIN DATES.  THE UNITED

STATES DOES NOT HAVE TO PROVE WITH CERTAINTY THE EXACT

DATES OF THE ALLEGED OFFENSES.  IT IS SUFFICIENT IF THE

UNITED STATES PROVES BEYOND A REASONABLE DOUBT THAT

THE OFFENSE WAS COMMITTED ON A DATE REASONABLY NEAR

THE DATES ALLEGED IN THE SUPERSEDING INDICTMENT.

### VI.    JURY DELIBERATIONS.

YOUR VERDICT MUST REPRESENT THE CONSIDERED JUDGMENT OF EACH JUROR.  IN ORDER TO RETURN A VERDICT, IT IS NECESSARY THAT EACH JUROR AGREE.  IN OTHER WORDS, YOUR VERDICT MUST BE UNANIMOUS.

IT IS YOUR DUTY AS JURORS TO CONSULT WITH ONE ANOTHER AND TO DELIBERATE WITH A VIEW TO REACHING AN AGREEMENT, IF YOU CAN DO SO, WITHOUT VIOLATION TO INDIVIDUAL JUDGMENT.  EACH OF YOU MUST DECIDE THE CASE FOR YOURSELF, BUT ONLY AFTER AN IMPARTIAL CONSIDERATION OF ALL THE EVIDENCE IN THE CASE WITH YOUR FELLOW JURORS.

IN THE COURSE OF YOUR DELIBERATIONS, DO NOT HESITATE TO RE-EXAMINE YOUR OWN VIEWS, AND CHANGE YOUR OPINION, IF CONVINCED IT IS ERRONEOUS.  BUT DO NOT SURRENDER YOUR HONEST CONVICTION AS TO THE WEIGHT OR EFFECT OF THE EVIDENCE, SOLELY BECAUSE OF THE OPINION OF YOUR FELLOW

JURORS, OR FOR THE MERE PURPOSE OF RETURNING A VERDICT.

REMEMBER AT ALL TIMES YOU ARE NOT PARTISANS.  YOU ARE JUDGES -- JUDGES OF THE FACTS.  YOUR SOLE INTEREST IS TO SEEK THE TRUTH FROM THE EVIDENCE IN THE CASE.

UPON RETIRING TO THE JURY ROOM YOU SHOULD FIRST SELECT ONE OF YOUR NUMBER TO ACT AS YOUR FOREPERSON WHO WILL PRESIDE OVER YOUR DELIBERATIONS AND WILL BE YOUR SPOKESPERSON HERE IN COURT. YOU CAN MAKE THIS SELECTION AND CONDUCT YOUR DELIBERATIONS IN WHATEVER MANNER YOU THINK BEST, BUT I OFFER SOME SUGGESTIONS THAT OTHER JURIES HAVE FOUND HELPFUL TO ALLOW FULL PARTICIPATION BY ALL JURORS AND TO ARRIVE AT A VERDICT THAT SATISFIES EVERYONE.

THE FOREPERSON SHOULD ENCOURAGE OPEN COMMUNICATION, COOPERATION AND PARTICIPATION BY ALL JURORS, AND BE WILLING AND ABLE TO FACILITATE DISCUSSIONS WHEN DISAGREEMENTS AND DISPUTES ARISE.

THE FOREPERSON SHOULD LET EACH OF YOU SPEAK AND BE HEARD BEFORE EXPRESSING HER OR HIS VIEWS.

36

THE FOREPERSON SHOULD NEVER ATTEMPT TO PROMOTE OR PERMIT ANYONE ELSE TO PROMOTE HIS OR HER PERSONAL OPINIONS BY COERCION OR BULLYING.

THE FOREPERSON SHOULD MAKE SURE THAT DELIBERATIONS ARE NOT RUSHED.

SOME PEOPLE ARE BETTER AT FACILITATING THAN OTHERS, AND IF IT BECOMES CLEAR THAT SOMEONE ELSE WOULD BE A MORE EFFECTIVE FOREPERSON, YOU MIGHT WANT TO CONSIDER SELECTING A DIFFERENT PERSON, WITH NO HARD FEELINGS.

YOU ALSO MAY THINK IT WISE TO SELECT A SECRETARY TO RECORD VOTES, WHICH SHOULD PROBABLY BE CAST BY SECRET BALLOT, AND TO KEEP TRACK OF WHETHER EVERYONE HAS SPOKEN.

SOME JURIES THINK IT WILL BE USEFUL TO TAKE A PRELIMINARY VOTE BEFORE DISCUSSIONS ARE STARTED, BUT THAT HAS NOT BEEN THE EXPERIENCE AROUND HERE.  SUCH AN EARLY VOTE OFTEN PROVES COUNTER-PRODUCTIVE FOR SEVERAL REASONS, INCLUDING THAT IT TENDS TO "LOCK-IN" A PARTICULAR POINT OF VIEW BEFORE ALTERNATIVE POINTS OF

VIEW ARE COVERED.

YOU SHOULD LISTEN CAREFULLY AND ATTENTIVELY TO EACH

OTHER, AND HEAR WHAT EACH OTHER PERSON IS SAYING BEFORE

RESPONDING. DON'T INTERRUPT AND DON'T MONOPOLIZE THE

DISCUSSION. SPEAK ONE AT A TIME. BE PATIENT AND RESPECTFUL

OF OTHER OPINIONS, AND DON'T TAKE IT PERSONALLY IF

SOMEONE DISAGREES WITH YOU.

A VERDICT FORM HAS BEEN PREPARED FOR YOU, AND YOU

HAVE REVIEWED A COPY.  YOU WILL TAKE THE ORIGINAL VERDICT

FORM TO THE JURY ROOM AND WHEN YOU HAVE REACHED A

UNANIMOUS AGREEMENT AS TO YOUR VERDICT, YOU WILL EACH

SIGN IT, HAVE YOUR FOREPERSON DATE IT, AND THEN SIGNAL THE

BAILIFF THAT YOU ARE PREPARED TO RETURN TO THE

COURTROOM.

IF DEFENDANT IS FOUND GUILTY, THE SENTENCE THAT

WOULD BE IMPOSED IS MY RESPONSIBILITY.  YOU MAY NOT

CONSIDER POSSIBLE PUNISHMENT IN ANY WAY IN DECIDING

WHETHER THE GOVERNMENT HAS PROVED ITS CASE BEYOND A

REASONABLE DOUBT.

YOU WILL ALSO BE PROVIDED WITH COPIES OF THESE INSTRUCTIONS FOR YOUR USE DURING DELIBERATIONS. IF, DURING YOUR DELIBERATIONS, YOU SHOULD DESIRE TO COMMUNICATE WITH THE COURT, PLEASE REDUCE YOUR MESSAGE OR QUESTION TO WRITING SIGNED BY THE FOREPERSON, AND PASS THE NOTE TO THE BAILIFF WHO WILL BRING IT TO MY ATTENTION.  AFTER CONSULTING WITH THE LAWYERS, I WILL THEN RESPOND AS PROMPTLY AS POSSIBLE, EITHER IN WRITING OR BY HAVING YOU RETURNED TO THE COURTROOM SO THAT I CAN ADDRESS YOU ORALLY.  I CAUTION YOU, HOWEVER, WITH REGARD TO ANY MESSAGE OR QUESTION YOU MIGHT SEND, THAT YOU SHOULD NEVER STATE OR SPECIFY YOUR NUMERICAL DIVISION AT THE TIME.

IT IS PROPER TO ADD THE CAUTION THAT NOTHING SAID IN THESE INSTRUCTIONS AND NOTHING IN ANY FORM OF VERDICT PREPARED FOR YOUR CONVENIENCE IS MEANT TO SUGGEST OR HINT IN ANY WAY WHAT VERDICT I THINK YOU SHOULD FIND.  WHAT THE VERDICT SHALL BE IS YOUR SOLE AND EXCLUSIVE DUTY AND RESPONSIBILITY.

YOU WILL NOTE FROM THE OATH ABOUT TO BE TAKEN BY THE BAILIFF THAT HE OR SHE TOO, AS WELL AS ALL OTHER PERSONS, ARE FORBIDDEN TO COMMUNICATE IN ANY WAY OR MANNER WITH ANY MEMBER OF THE JURY ON ANY SUBJECT TOUCHING THE MERITS OF THE CASE.

DURING YOUR DELIBERATIONS, YOU MUST NOT COMMUNICATE WITH OR PROVIDE ANY INFORMATION TO ANYONE BY ANY MEANS ABOUT THIS CASE.  YOU MAY NOT USE ANY ELECTRONIC DEVICE OR MEDIA, SUCH AS A TELEPHONE, CELL PHONE, SMART PHONE, IPHONE, BLACKBERRY OR COMPUTER; THE INTERNET, ANY INTERNET SERVICE, OR ANY TEXT OR INSTANT MESSAGING SERVICE; OR ANY INTERNET CHAT ROOM, BLOG, OR WEBSITE SUCH AS FACEBOOK, MY SPACE, LINKEDIN, YOUTUBE OR TWITTER, TO COMMUNICATE TO ANYONE ANY INFORMATION ABOUT THIS CASE OR TO CONDUCT ANY RESEARCH ABOUT THIS CASE UNTIL I ACCEPT YOUR VERDICT.

**SWEAR BAILIFF**

**DISMISS ALTERNATE JURORS**

**INSTRUCT BAILIFF TO PICK UP COPIES OF VERDICT FORM**