IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

      Plaintiff,                        Criminal No. 07-0298
                                                  **ELECTRONICALLY FILED**

      v.

DAVID CUNNINGHAM,

      Defendant.

### Memorandum Order

By Order of March 23, 2010 (doc. no. 102), the Court previously considered and ruled upon defendant's prior Motion in Limine Concerning Pornographic Images and File Names (doc. no. 99), after also considering the government's response thereto (doc. no. 101).  In the Order of March 23, 2010 (doc. no. 102), the Court denied said motion but stated that the parties may (but are not required to) use representative samples of the Child Pornography instead of the entire "collections," as well as the file names of the various files in the "collection."  (See doc. no. 101).  Additionally, the Court stated that the parties may (but are not required to) stipulate that the child pornography evidence constitutes child pornography for purposes of the Indictment.  The Court further required the parties to attempt to stipulate to a Joint Cautionary Instruction, which the parties have done.  (See doc. no. 115).  The Court will read said Joint Cautionary Instruction at the introduction of said video clips, after the viewing of said video clips, and during the Final Jury Instructions.  It is counsels' responsibility to make the Court aware of the specific point or points in the trial when they wish for these Cautionary Instructions to be read.

Now pending before this Court is defendant's Motion to Limit Evidence of Child Pornography (doc. no. 135), which has been filed under seal.  The Court initially granted defendant permission to file said document under seal.  The Court, however, will unseal said

document because the Court does not find that good cause has been shown for its continued seal. Further, the government has filed its response to the motion (doc. no. 139) but has not sealed its response on the basis that no minors are identified and no protected identifying information as specified under Rule 49.1 of the Federal Rules of Criminal Procedure are contained in the motion.  The subject matter of this case is child pornography, which by its nature often contains graphic and explicit information, but that fact alone does not justify the sealing of said document or the instant Order of Court.

After careful consideration of defendant's Motion in Limine (doc. no. 135), said Motion is DENIED, except to the extent that defendant seeks that no audio be used in the video images presented (which the government has agreed to omit in its response at doc. no. 139).

In the instant motion (doc. no. 135), in addition to essentially seeking reconsideration of the prior Order of this Court (doc. no. 102) which allowed the viewing of these images by the jury albeit in a summary format, defendant now seeks to limit these images in four ways: first, that a still image be presented to the jury instead of the videos themselves; second, that any images that demonstrate bondage or actual violence, including any display of the penetration of prepubescent children by adults be omitted; third, that the use of sound be omitted; and fourth, that the minors' faces' be omitted from the videos.[1]

In its response, the government argues as it did in its prior response to the prior motion in limine, that the videos are relevant and under the totality of the circumstances, the probative

---

[1] The time for filing motions in limine expired on March 16, 2010, and defendant filed his initial motion in limine on this issue on March 19, 2010.  Nonetheless, the Court will consider this motion on its merits since it does involve an argument which the Court has construed as a motion for reconsideration.  However, to the extent that defendant raises four new arguments supporting his position that the evidence be limited, said motion technically constitutes an untimely motion in limine.

value of the evidence is not substantially outweighed by the danger of unfair prejudice under Fed. R. Evid. 403.  The government cites rulings, albeit from United States Court of Appeals other than the Court of Appeals for the Third Circuit, for the proposition that video clips and images of child pornography must be shown to the jury.  *United States v. Polouizzi*, 564 F.3d 142 (2d Cir. 2009)(holding that even if a defendant is willing to concede that he possessed child pornography, such a stipulation is "not an adequate substitute" for the images themselves); *United States v. Sewell*, 457 F.3d 841 (9th Cir. 2006)(district court abused its discretion in refusing to allow the government to publish 23 images of child pornography to the jury, even where defendant stipulated that images met definition of child pornography).  Although these holdings are not binding upon this Court, they are instructive and persuasive.  *See also United States v. Dodds*, 347 F.3d 893 (11th Cir. 2003); *United States v. Campos*, 221 F.3d 1143 (10th Cir. 2000).

       The Court will not reconsider its prior order permitting the introduction of the video images depicting child pornography, regardless of defendant's stipulation that the images at hand constitute child pornography, because the government is entitled to present the evidence (although hopefully in a condensed format) which pertains to multiple elements of the offense(s). As the United States Court of Appeals for the Ninth Circuit stated in *Sewell*, "the government is entitled to prove its case by evidence of its own choice and is not required to accept the offer" of stipulations.  *Id*. at 844.

       Furthermore, contrary to defendant's argument, the Court finds that still images are not representative of the actual evidence in this case (the videos) and defendant's request to show still images only is denied.  *United States v. McCourt*, 468 F.3d 1088, 1091 (8th Cir. 2006) (rejecting defendant's argument that only still images, and not video clips, should be shown to the jury).  Finally, defendant's remaining two requests (that images depicting "actual violence,"

including any display of the penetration of prepubescent children by adults and that the minors' faces be omitted) to restrict the actual character of the evidence are denied.

After conducting a balancing of the evidence under Fed. R. Evid. 403, the probative value of this evidence is not substantially outweighed by its prejudicial effect.  As the government has pointed out, defendant's stipulations are not "coextensive with the government's required proof beyond a reasonable doubt."  Doc. No. 139 at 2.  Finally, defendant has cited no applicable precedent to support the extreme limitations on the presentation of the evidence at issue, and this Court cannot countenance such limitations in this case.

For these reasons, defendant's Motion in Limine (doc. no. 135) is DENIED, except to the extent that defendant seeks that no audio be used in the video images presented.

SO ORDERED this 7th day of April, 2010.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:     All Registered ECF Counsel and Parties