IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DAVID CUNNINGHAM,

    Defendant.

Criminal No. 07-0298
**ELECTRONICALLY FILED**

### Memorandum Order Regarding Second Motion to Reconsider 404(b) Ruling

Defendant has plead not guilty to receipt, possession and distribution of child pornography in violation of 18 U.S.C. § 2251(a)(2), 2252(a)(4)(B) and 2252(a). On March 17, 2010, the government provided notice of its intention to introduce evidence regarding defendant's prior guilty plea to a misdemeanor count of indecent exposure related to an incident involving a child, age four (4). From this Court's reading of the government's notice (doc. no. 82), it appeared that the government sought only introduction of defendant's conviction, not the factual allegations underlying said conviction. The government sought its introduction originally under Fed. R. Evid. 414, 404(b) and 609. Doc. No. 82.

Defendant then filed a motion in limine to preclude the government from introducing any evidence surrounding either the incident or the fact that defendant had pled guilty to indecent exposure involving a minor. Doc. No. 98. On March 22, 2010, the Court denied said motion, subject to any developments at trial that would suggest the contrary and directed the parties to file proposed limiting instruction by March 25, 2010. Doc. No. 100.

Defendant then filed a motion for reconsideration of the Order on the motion in limine[1] and asserted that a hearing was necessary to determine whether the government could meet its evidentiary burden of showing that defendant committed the underlying sexual assault alleged in the Notice by a preponderance of the evidence. By Order of March 30, 2010, the Court ruled that the need for a hearing was obviated by the fact that the government had stated again on the record (doc. no. 114) that it did not intend to offer underlying facts into evidence regarding the alleged sexual assault of the four (4) year old, only defendant's conviction for misdemeanor indecent exposure relating to a four (4) year old; and, the government had stated that it did not intend to seek introduction of defendant's prior conviction (which by defendant's guilty plea has necessarily been proven by a preponderance of evidence) under Fed. R. Evid. 414, only under Fed. R. Evid. 404(b) and 609.

The government then sought introduction of said conviction under Fed. R. Evid. 404(b) and 609. Defendant again reasserted his objection to the conviction being introduced under Fed. R. Evid. 404(b) and 609 and requested to this Court to "detail the specific purpose or purposes for which this evidence may be admitted and whether it is admissible in the government's case-in-chief or rebuttal." Doc. No. 114 at ¶ 4.

The Court complied with defendant's request to detail the specific purpose or purposes for which this evidence would be admitted by Order of Court of March 30, 2010 (doc. no. 117), and provided a lengthy analysis of the relevance of the conviction and found that the probative

---

[1]Motions in Limine were due by March 16, 2010, and this Court granted defendant's motion to file motions in limine by March 17, 2010, due to car trouble of defense counsel. Said motion was not filed on the docket until March 20, 2010. The Court nonetheless considered the motion on its merits, despite its untimeliness, and the Court has continued to consider all of defendant's motions to reconsider, and *second* motions to reconsider, despite the fact that it is now the Friday afternoon before the start of trial on Monday, April 12, 2010.

value of said evidence outweighs its prejudicial effect under *United States v. Sampson*, 980 F.3d 883, 886 (3d Cir. 1992).

After the defendant attempted to orally raise another motion for reconsideration on this issue, and others, at the Pretrial Conference on April 8, 2010, two (2) business days before the start of the trial, the Court ordered that any further motions by defendant be filed in writing by April 8, 2010 at 4:00 p.m., and any responses thereto by filed by noon on April 9, 2010.  The Court set up this process to ensure that the Court could rule on these (untimely) motions in an orderly fashion, and out of fairness to both the government and the defendant.  The jury selection and trial is scheduled to commence on April 12, 2010.

On April 8, 2010, defendant filed numerous motions, including a *second* motion to reconsider the 404(b) evidence in light of defense theory.  Defendant raises *no* new issue of fact or law that changes the decision of this Court that the criminal conviction will be admitted.  The Court will not recount its reasons for admitting such evidence again as the legal reasoning is set forth in the six (6) page Order of Court at doc. no. 117, except to state that the newly summarized "defense theory" which defendant vaguely referenced in prior filings, and now continues to dribble piece by piece in each subsequent motion to reconsider, does nothing to change the rulings of this Court at this time.

Additionally, this Court echos the following statements set forth by the government in its response to the instant motion at doc. no. 157.

> This defendant provided inculpatory statements to law enforcement admitting to searching for and downloading child pornography on a peer to peer network.  The mere representation that his defense will contradict his statements does not change the legal analysis, and the permissible purpose for which the evidence is offered.  The elements of the offense require the government to prove knowledge and intent, regardless of the defendant's alleged defense theory.

As rehearsed in the March 30, 2010 Order of Court at doc. no. 117, the Court will, however, employ the joint cautionary jury instructions submitted at doc. no. 114 (with slight modification as set forth by separate Order of Court) prior to and/or after the introduction of said evidence to lessen any prejudicial effect, and will reiterate said instruction during the final jury instructions.[2]  It is the responsibility of counsel to make the Court aware of the specific point or points in the trial when they wish for these Cautionary Instructions to be read.

Defendant's Second Motion to Reconsider and/or Limit Rule 404(b) Evidence (doc. no. 150) is DENIED.

SO ORDERED this 9th day of April, 2010.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:     All Registered ECF Counsel and Parties

---

[2] Although the parties have stipulated to a broad limiting instruction at doc. no. 114 p. 3-4 regarding the purposes for which the evidence could be admitted, the Court will tailor said limiting instruction to address the purposes for which the evidence will be admitted by separate Order of Court.