IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

      Plaintiff,                               Criminal No. 07-0298

                                          **ELECTRONICALLY FILED**
    v.

DAVID CUNNINGHAM,

      Defendant.

## Order of Court

Based upon the parties stipulation regarding a limiting instruction at doc. no. 114, and the Court's subsequent ruling regarding the purposes for which the defendant's prior acts or crimes may be introduced, the Court will read the following instruction prior to/after introduction of said evidence, and during Final Jury Instructions.[1]

## Limiting Instruction on Prior Acts or Crimes

You have heard testimony that the defendant was previously convicted of Indecent Exposure where he knew or should have known that at least one person present was under 16 years of age.  This evidence was admitted only for limited purposes. You may consider this evidence only for the purpose of deciding whether the defendant had the state of mind, knowledge or intent necessary to commit the crimes charged in the indictment; had a motive or the opportunity to commit the acts charged in the indictment; and did not commit the acts for which the defendant is on trial by accident or mistake.

---

[1]It is counsels' responsibility to make the Court aware of the specific point or points in the trial when they wish for these Cautionary Instructions to be read.

Do not consider this evidence for any other purpose.

Of course, it is for you to determine whether you believe this evidence, and if you do believe it, whether you accept it for the purpose offered. You may give it such weight as you feel it deserves, but only for the limited purposes that I described to you. The defendant is not on trial for committing the prior act of Indecent Exposure. You may not consider the evidence of that prior act as a substitute for proof that the defendant committed the crimes charged. You may not consider this evidence as proof that the defendant has a bad character or any propensity to commit crimes.

Specifically, you may not use this evidence to conclude that because the defendant may have committed the prior act, he must have committed the acts charged in the indictment. Remember that the defendant is only on trial for Possession, Receipt, and Distribution of Child Pornography, not for Indecent Exposure. Do not return a guilty verdict unless the government proves the crimes charged in the indictment beyond a reasonable doubt.

SO ORDERED this 9th  day of April, 2010.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:     All counsel of record