IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

      Plaintiff,                                     Criminal No. 07-0298

                                                           **ELECTRONICALLY FILED**

     v.

DAVID CUNNINGHAM,

      Defendant.

**Memorandum Order Regarding Second Motion for Reconsideration Admissibility and/or Limitation of Child Pornography Evidence**

By Order of March 23, 2010 (doc. no. 102), the Court previously considered and ruled upon defendant's prior Motion in Limine[1] Concerning Pornographic Images and File Names (doc. no. 99), after also considering the government's response thereto (doc. no. 101). In the Order of March 23, 2010 (doc. no. 102), the Court denied said motion but stated that the parties may (but are not required to) use representative samples of the Child Pornography instead of the entire "collections," as well as the file names of the various files in the "collection." (See doc. no. 101). Additionally, the Court stated that the parties may (but are not required to) stipulate that the child pornography evidence constitutes child pornography for purposes of the Indictment. The Court further required the parties to attempt to stipulate to a Joint Cautionary Instruction, which the parties have done. (See doc. no. 115 and doc. no. 153). The Court will read said Joint Cautionary Instruction before the introduction of said video clips, after the viewing of said video clips, and during the Final Jury Instructions (as filed at doc. no. 115 and doc. no. 153). As rehearsed (doc. no. 140), it is counsels' responsibility to make the Court aware of the specific

---

[1] The Pretrial Order in this case directed both parties to file any motions in limine by March 10, 2010. See doc. no. 76.

point or points in the trial when they wish for these Cautionary Instructions to be read.

On April 5, 2010, defendant filed another Motion to Limit Evidence of Child Pornography (doc. no. 135), which the Court considered as a motion seeking reconsideration of the prior Order of this Court (doc. no. 102), which allowed the viewing of these images by the jury albeit in a summary format.  Defendant sought in that motion to limit these images in four ways: first, that a still image be presented to the jury instead of the videos themselves; second, that any images that demonstrate bondage or actual violence, including any display of the penetration of prepubescent children by adults be omitted; third, that the use of sound be omitted; and fourth, that the minors' faces' be omitted from the videos.

In its response (doc. no. 139), the government argued as it did in its prior response to the prior motion in limine, that the videos are relevant and under the totality of the circumstances, the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice under Fed. R. Evid. 403.  The government cited rulings, albeit from United States Court of Appeals other than the Court of Appeals for the Third Circuit, for the proposition that video clips and images of child pornography must be shown to the jury.  *United States v. Polouizzi*, 564 F.3d 142 (2d Cir. 2009) (holding that even if a defendant is willing to concede that he possessed child pornography, such a stipulation is "not an adequate substitute" for the images themselves); *United States v. Sewell*, 457 F.3d 841 (9th Cir. 2006) (district court abused its discretion in refusing to allow the government to publish 23 images of child pornography to the jury, even where defendant stipulated that images met definition of child pornography).  *See also United States v. Dodds*, 347 F.3d 893 (11th Cir. 2003); *United States v. Campos*, 221 F.3d 1143 (10th Cir. 2000).  These rulings, although not binding, were instructive and persuasive to this Court.  The Court ruled that the evidence of the child pornography could be introduced at trial

with the parameters that audio not be used, and with the representation of the government that the videos would be presented in a summary and condensed format.

Again, defendant is unsatisfied with the ruling of this Court that the child pornography evidence will be viewed by the jury even with the limitations set forth by the Court.

After the defendant attempted to orally raise another motion for reconsideration at the Pretrial Conference on April 8, 2010, two (2) business days before the start of the trial, the Court ordered that any further motions by defendant be filed in writing by April 8, 2010 at 4:00 p.m,. and any responses thereto by filed by noon on April 9, 2010.  The Court set up this process to ensure that the Court could rule on these (untimely) motions in an orderly fashion, and out of fairness to both the government and the defendant.  The jury selection and trial is scheduled to commence on this date, April 12, 2010.

On April 8, 2010, defendant filed numerous motions, including a *second* motion to reconsider the admissibility and/or limitation of child pornography evidence.  Defendant raises *no* new issue of fact or law that changes the decision of this Court that the child pornography will be viewed by the jury.  The Court will not again recount its reasons for permitting the introduction of this evidence (beyond that which is cited hereinabove), but will instead refer to the Court's prior orders at doc. nos. 102 and 140.  The Court provided an in depth discussion of its decision to allow said evidence, and the Court will not reiterate it for a third time.

Finally, as to defendant's renewed request (said request was also made at the Pretrial Conference) that the Court view the child pornography prior to ruling on its admissibility, defendant cites no case precedent for its proposition that the child pornography must be viewed by the Court or that it is a necessary exercise of the Court's discretion to do so - - the descriptions are sufficient for this Court to rule on the past and pending Motions in Limine, since the

descriptions are quite telling of the images and their graphic nature. (See doc. no. 135 at ¶ 3). Defendant's request that the Court view said evidence prior to its introduction is DENIED. Defendant's second motion for reconsideration with respect to the admissibility and/or limitation of child pornography evidence (doc. no. 151) is therefore DENIED.

        SO ORDERED this 12th day of April, 2010.

        s/Arthur J. Schwab
        Arthur J. Schwab
        United States District Judge

cc:    All Registered ECF Counsel and Parties