IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,
        Plaintiff,

v.

DAVID CUNNINGHAM,
        Defendant.

Criminal No. 07-0298
**ELECTRONICALLY FILED**

**MEMORANDUM OPINION AND ORDER DENYING
DEFENDANT'S MOTION TO DISMISS COUNT ONE
OF SUPERSEDING INDICTMENT (DOC. NO. 196)**

Before the Court is Defendant's Motion to Dismiss Count One of the Superseding Indictment. (Doc. No. 196). For the following reasons, this Court will deny the Motion to Dismiss Count One for receipt of child pornography, but at sentencing, will vacate the lesser included conviction for possession of child pornography at Count Two, upon proper motion.

Defendant was charged with receiving, possessing and distributing child pornography in a three count superseding indictment. (Doc. No. 53). At Count One he was charged with receiving child pornography from June 2007 until about July 17, 2007, in violation of 18 U.S.C. §2252(a)(2);[1] at Count Two he was charged with possessing child pornography on or about July 19, 2007, in violation of 18 U.S.C. §2252(a)(4)(B);[2] and at Count Three he was charged with

---

[1] Section 2252 proscribes "Certain activities relating to material involving the sexual exploitation of minors." Section 2252(a)(2) provides, in pertinent part: "(a) Any person who-- . . . 2) knowingly receives, or distributes, any visual depiction using any means or facility of interstate or foreign commerce or that has been mailed, or has been shipped or transported in or affecting interstate or foreign commerce . . . by any means including by computer . . . , if- (A) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and (B) such visual depiction is of such conduct . . . shall be punished as provided in subsection (b) . . . ."

[2] Section 2252(a)(4)(B) provides in pertinent part: "(a) Any person who-- (4) . . . (B) knowingly possesses, or knowingly accesses with intent to view, 1 or more books, magazines, periodicals, films, video tapes, or other matter which contain any visual depiction that has been mailed, or has been shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce . . . . by any means including by computer, if-- (i) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and (ii) such visual depiction is of such conduct . . . shall be punished as provided in

distributing child pornography on or about June 19, 2007, in violation of 18 U.S.C. §2252(a)(2). Following a jury trial, defendant was convicted on all three counts.

Possession of child pornography in violation of section 2252(a)(4) carries no mandatory minimum, and a maximum sentence of imprisonment of not more than 10 years, unless the defendant has a prior qualifying conviction. Receipt and distribution of child pornography, in violation of section 2252(a)(2) are punishable by a mandatory minimum of 5 years and a maximum sentence of 20 years, unless the defendant has a prior qualifying conviction.

Defendant moves this Court to dismiss Count One, arguing that the entry of separate convictions for receiving child pornography at Count One and possessing the same images at about the same time at Count Two violates the double jeopardy clause which bars multiple punishments for the same offense absent legislative intent to the contrary. The government indicates in its Position with Respect to Sentencing Factors (Doc. No. 199) and its Response to Motion to Dismiss (Doc. No. 216) that it intends to orally move the Court to dismiss Count Two, the lesser included offense, pursuant to United States v. Miller, 527 F.3d 54 (3d Cir. 2008) (Miller I).

"The double jeopardy clause bars courts from 'prescrib[ing] greater punishment than the legislature intended' to impose for a single offense." Id., at 70 (citing Rutledge v. United States, 517 U.S. 292, 297 (1996)). In Miller, the Court of Appeals for the Third Circuit held possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) was a "lesser-included offense of receipt of child pornography." Id. at 72. Based on this finding, the Court of Appeals held that the district court's entry of a separate conviction for receiving child pornography in violation of 18 U.S.C. § 2252A(a)(2)[3] and possessing the same images of child pornography in violation

---

subsection (b) . . . ."
[3] Section 2252A proscribes "Certain activities relating to material constituting or containing child pornography."

of 18 U.S.C. § 2252A(a)(5)(B)[4] violated the double jeopardy clause. Id. at 72-73.

Having determined that "(1) the entry of convictions under both statues was error and (2) the error is plain" the Court of Appeals case found that defendant was prejudiced by the multiple convictions and punishments, even though the terms of imprisonment were made to run concurrent, because of the additional special assessment and real, collateral consequences of multiple convictions and punishments. Id. at 73. To remedy the double jeopardy problem, the Court of Appeals remanded the case to the district court "to exercise its discretion to vacate one of the underlying convictions." Id. at 74. The Court of Appeals did not specify which of the two counts was to be vacated, but on remand, the district court vacated the conviction for knowing receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2). United States v. Miller, 594 F.3d 172, 176 (3d Cir. 2010) (Miller II).

Although the Miller decision was predicated on a defendant's conviction for violating 18 U.S.C. §§ 2252A(a)(2) and 2252A(a)(5)(B), while the instant matter involves convictions for violating 18 U.S.C. §§ 2252(a)(2) and § 2252(a)(4)(B) (see notes 1 through 4, supra), its rationale is wholly applicable here. In Miller, the Court of Appeals explained:

> For the purpose of double jeopardy analysis, two offenses are the same if one is a lesser-included offense of the other under the "same-elements" (or Blockburger [v. United States, 284 U.S 299 (1932)]) test. This test "inquires whether each offense contains an element not contained in the other; if not, they are the 'same offense'...." United States v. Dixon, 509 U.S. 688, 696, 113 S.Ct. 2849, 125 L.Ed.2d 556 (opinion of the court) (internal quotation omitted); see also Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932) ("[W]here the same act or transaction constitutes a violation of two

---

Section 2252A(a)(2) provides, in relevant part: "(a) Any person who-- . . . (2) knowingly receives or distributes-- (A) any child pornography [or B., any material that contains child pornography] that has been mailed, or using any means or facility of interstate or foreign commerce shipped or transported in or affecting interstate or foreign commerce by any means, including by computer . . . shall be punished as provided in subsection (b)."

[4] Section 2252A(a)(5)(B) provides in relevant part: ""(a) Any person who-- . . . (5) . . . (B) knowingly possesses, or knowingly accesses with intent to view, any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography that has been mailed, or shipped or transported . . . including by computer . . . shall be punished as provided in subsection (b)."

distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.").

Id. at 71. Recognizing that the precise issue before the Court was one of first impression, the Court of Appeals in the Miller decision continued its analysis by noting that:

> . . . [A]s a general matter, possession of a contraband item is a lesser-included offense of receipt of the item. See Ball v. United States, 470 U.S. 856, 105 S.Ct. 1668, 84 L.Ed.2d 740 (1985). In Ball, a felon convicted of possessing a firearm in violation of 18 U.S.C. § 922(h) (since revised) was also convicted of receiving that firearm in violation of 18 U.S.C.App. § 1202(a) (since repealed). Applying the same-elements test, the Supreme Court concluded, in Ball, that "[w]hen received, a firearm is necessarily possessed. In other words, Congress seems clearly to have recognized that a felon who receives a firearm must also possess it, and thus had no intention of subjecting that person to two convictions for the same criminal act." Id. at 862, 105 S.Ct. 1668 (internal quotation omitted).

Id.

Turning to the instant matter, this Court first applies the Blockburger test to ascertain whether the same act or transaction constitutes a violation of two distinct statutory provisions by considering whether each provision requires proof of a fact which the other does not. The relevant portions of section 2252 are set forth in the margin. See notes 1 and 2, supra. Applying the same-elements test established by the Supreme Court in Blockburger and Ball, when a person receives a visual depiction of a minor engaging in sexually explicit conduct as proscribed by section 2252(a)(2), that person necessarily possesses that depiction as proscribed by section 2252(a)(4)(B). The former carries a term of at least five but not more than 20 years imprisonment, and the latter a term of not more than ten years imprisonment. 18 U.S.C. § 2252(b)(1) and (2).

There is no dispute that defendant was convicted of both receiving child pornography and possessing the same images in violation of 18 U.S.C. § 2252(a)(2) and § 2252(a)(4)(B), respectively, and that the evidence was sufficient to sustain both

4

convictions. Thus, the only question is which of the two convictions should be vacated; receipt of child pornography (Count One), or possession of the same images (Count Two).

Given that defendant's convictions for receipt of child pornography (Count One) and distribution of child pornography (Count Three), were charged under the same statute (18 U.S.C. § 2252(a)(2)), the statutory minimum and maximum penalties for each of these violations is the same – at least five and no more than 20 years imprisonment. Possession of child pornography (Count Two) was charged under a different section (18 U.S.C. § 2252(a)(4)(B)), and the statutory maximum sentence differs – no more than 10 years imprisonment. Possession is the lesser included offense of receipt of child pornography. Miller, 527 F.3d at 73 ("we hold that possessing child pornography is a lesser-included offense of receiving child pornography"). Defendant acknowledges as much. Motion to Dismiss (Doc. No. 196) at ¶ 5 ("the offense of possession of child pornography at Count Two is a lesser-included offense of the charge of receiving of child pornography at Count One").

Nevertheless, defendant requests this Court vacate his conviction for receipt of child pornography at Count One, which carries a mandatory minimum and a lengthier maximum sentence and guideline range than the lesser-included offense of possession at Count Two. To avoid the double jeopardy, multiple punishment problem, the proper remedy ordinarily is to vacate the lesser included offense, not the greater offense. See United States v. Cesare, 581 F.3d 206, 207-08 (3d Cir. 2009) (citations omitted). See also United States v. Story, 137 F.3d 518 (7th Cir. 1997); United States v. Dixon, 132 F.3d 192, 196 (5th Cir. 1997); United States v. Boyd, 131 F.3d 951, 954-55 (11th Cir.

1997); United States v. Avery, 128 F.3d 966, 972 (6th Cir. 1997); United States v. Miller, 116 F.3d 641, 678 (2d Cir. 1997); United States v. Jones, 101 F.3d 1263, 1268 (8th Cir. 1996).

The only reason or authority defendant offers to support vacation of Count One is what happened following the remand in the Miller case. On remand, Senior Judge Muir "initially vacated the lesser included offense of possession of child pornography, . . . [but] ultimately vacated the conviction of receipt of child pornography and sentenced Miller on the remaining two offenses to a 30-month term of incarceration (with a concurrent one year term of incarceration for the marijuana offense) and to a lifetime of supervised release with certain standard and special conditions." United States v. Miller, 2008 WL 4949850, *1 (M.D.Pa. 2008), vacated and remanded on other grounds, Miller II, 594 F.3d 172 (3d Cir. 2010). Senior Judge Muir did not explain why he changed his mind and vacated the receipt offense on remand, but in any event, that decision is not precedential.

This Court will follow the general rule, and therefore will vacate the lesser included conviction for possession of child pornography at Count Two upon the government's oral motion at sentencing. Given the operation of the guidelines regarding grouping of offenses, this does not affect the advisory guideline total term of imprisonment, although it will reduce the special assessment by $100.00, and may have other important collateral impact.

Accordingly, IT IS HEREBY ORDERED that defendant's Motion to Dismiss Count One of the Superseding Indictment (Doc. No. 196) is DENIED.

IT IS FURTHER ORDERED that defendant's conviction at Count Two for possession of child pornography will be vacated at the sentencing hearing, upon proper motion.

SO ORDERED this 22nd day of September, 2010.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel and Parties